# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERRY MICHAEL PAYTON,      Case No. 1:17-cv-714
   Plaintiff,     Dlott, J.
    Litkovitz, M.J.

vs.

COMMISSIONER OF     **REPORT AND**
SOCIAL SECURITY,     **RECOMMENDATION**
   Defendant.

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 26) and the Commissioner's response stating the Commissioner does not oppose plaintiff's request based on the thirty (30) hours of work performed before this Court (Doc. 27).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is

reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be

reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).

Here, the fee of $13,084.75 that plaintiff requests falls within the 25% boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff has submitted an itemized billing sheet showing that his attorney performed a total of 30.00 hours of work on the case in this Court. (Doc. 26-1 at 3-6). Plaintiff has also submitted a copy of the contingency fee agreement he entered into with counsel under which he agreed to pay counsel a contingency fee of 25% of past-due benefits. (*Id*. at 7).

Dividing the $13,084.75 requested by counsel by the 30.00 hours counsel worked on the case before this Court yields a hypothetical hourly fee of $436.15. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 420-21 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

3

Plaintiff's counsel standard hourly rate is $370.00. (Doc. 26-1 at 6). The $436.15 hypothetical hourly rate is less than twice counsel's standard rate for such work in the relevant market. Therefore, the requested fee of $13,084.75 does not constitute a windfall to plaintiff's counsel. *Hayes*, 923 F.2d at 422. The Court notes that plaintiff's counsel did not unduly delay the resolution of this matter, and he achieved an excellent result in this case by obtaining a favorable disability determination on remand with back pay benefits in the amount of $52,339.00 and an auxiliary benefit to plaintiff's child in the amount of $24,199.00. (*See* Doc. 26-1 at 9-18). Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel assumed the risk of non-payment. The Commissioner has submitted a response to plaintiff's motion and does not oppose the motion to charge and collect a fee of $13,084.75. (Doc. 27). Having reviewed plaintiff's § 406(b) fee request in light of these considerations, the Court finds that a fee of $13,084.75 is reasonable for the work plaintiff's counsel performed in federal court.

Counsel has acknowledged that any award of fees under § 406(b) must be offset by the previous award of EAJA fees in the amount of $5,450.00 (*see* Doc. 21), as required under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be awarded to the client). (Doc. 26 at 1-2). In view of these considerations and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $13,084.75 is reasonable for the work plaintiff's counsel performed in this Court.

The Court therefore **RECOMMENDS** that plaintiff's § 406(b) motion for attorney fees

4

be **GRANTED** and that counsel be **AWARDED** attorney fees in the amount of **$13,084.75.**

Date: 6/4/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

Case: 1:17-cv-00714-SJD-KLL Doc #: 28 Filed: 06/04/20 Page: 5 of 6  PAGEID #: 1437

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JERRY MICHAEL PAYTON,<br>  Plaintiff, | Case No. 1:17-cv-714<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>  Defendant. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).